## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

LISA CENTER       :
4806 Berwyn Road      :
College Park, Maryland 20740  :
           :
  **Plaintiff,**      :
           :
  **v.**         :  **Case No.:**
           :
**THE FILTA GROUP, INC.**   :
7075 Kingspointe Parkway, Suite 1 :
Orlando, Florida 32819    :
**SERVE:**  Jason Sayers   :
     7075 Kingspointe Parkway, Suite 1 :
     Orlando, Florida 32819  :
           :
and          :
           :
**C.L.L. ENTERPRISES, INC. d/b/a FILTA** :
**ENVIRONMENTAL KITCHEN SOLUTIONS** :
14395 Cherry Hill Road    :
Montpelier, Virginia 23192   :
**SERVE:**  James A. Kline IV :
     9115 Dickey Drive  :
     Mechanicsville, Virginia 23116 :
           :
and          :
           :
**JAMES FISHER**      :
14395 Cherry Hill Road    :
Montpelier, Virginia 23192   :
           :
and          :
           :
**LEVY PREMIUM FOODSERVICE** :
**LIMITED PARTNERSHIP**   :
980 N. Michigan Avenue, Suite 400 :
Chicago, Illinois 60611    :
**SERVE:**  Corporation Service Company :
     1090 Vermont Avenue, NW :
     Washington, D.C. 20005 :
           :
  **Defendants.**     :
**********************************************************************************

## COMPLAINT

COMES NOW, the Plaintiff, Lisa Center (hereinafter "Plaintiff"), by and through counsel, John P. Valente, III, and The Valente Law Group, who files this complaint (hereinafter "Complaint") against Defendants, The Filta Group, Inc. (hereinafter "Defendant Filta"), C.L.L. Enterprises, Inc. d/b/a Filta Environmental Kitchen Solutions (hereinafter Defendant "C.L.L."), James Fisher (hereinafter Defendant "Fisher"), and Levy Premium FoodsService Limited Partnership (hereinafter "Defendant Levy"), and sets forth the following:

1.      That Plaintiff is a citizen of the United States and is domiciled in the State of Maryland.

2.      That Defendant Filta is incorporated under the laws of the State of Florida, and has its principal place of business in the State of Florida.

3.      That Defendant C.L.L. was previously incorporated under the laws of the State of Virginia, and had its principal place of business in Virginia.

4.      That Defendant Fisher is a citizen of the United States and is domiciled in the State of Virginia.

5.      That Defendant Levy is a limited partnership under the laws of the State of Virginia, and has its principal place of business in the District of Columbia.

## JURISDICTION AND VENUE

6.      That this Court has original jurisdiction of this claim in that the subject incident occurred within the boundaries of the District of Columbia.

7.      That venue is proper in this jurisdiction under 28 U.S.C.S. § 1391(b)(2) in that a substantial part of this claim arose within the District of Columbia.

8.      That venue is also proper in this jurisdiction, pursuant to 28 U.S.C.S. § 1332, as diversity of citizenship exists between the parties and the matter in controversy exceeds the value of

$75,000, exclusive of interest and cost.

## FACTS

9.      That on or about May 9, 2017 at approximately 1:00 p.m., Plaintiff was a business invitee, lawfully on the premises owned and/or maintained by Defendants, individually and/or by and through their agents, servants, and/or employees, located at 601 F St. NW, Washington, D.C. 20004 (hereinafter the "Premises").

10.     That on the same date and time described herein, Plaintiff was walking on Concourse 200 towards the family lounge on the Premises when she stepped on a puddle of grease on the floor that was leaking from a garbage bag, whereupon she slipped and fell to the ground, severely injuring herself.

11.     That on the same date and time described herein, based on information and belief, Defendants Filta and/or C.L.L. and/or Fisher were contracted by Defendant Levy to maintain and dispose of grease collected from the kitchen of Defendant Levy, located on the Premises, and were agents, servants, and/or employees of Defendant Levy at all times relevant herein.

12.     That Defendant Fisher was the sole director of Defendant C.L.L.

13.     That despite the fact that Defendant C.L.L. was dissolved in or about 2014, Defendant Fisher, individually and/or by and through his agents, servants, and/or employees, continued to carry on the business, and was carrying on business at the time on the subject incident, rendering Defendant Fisher personally liable for the corporation's liabilities.

## COUNT I
(Negligence)

14.     That Plaintiff hereby repeats and reaffirms each and every allegation contained in paragraphs one (1) through thirteen (13) of this Complaint.

15.     That at all times referred to herein, Defendants Filta and/or C.L.L. and/or Fisher and/or

Levy, by and through their agents, servants, and/or employees, knew or should have known that the subject floor on the Premises was in a hazardous, unsafe, and slippery condition to customers and individuals walking on the subject floor, including the Plaintiff, as agents, servants, and/or employees of these Defendants, caused grease to leak out of a garbage bag and onto the floor.

16.     That Defendants Filta and/or C.L.L. and/or Fisher and/or Levy, by and through their agents, servants, and/or employees, had reasonable time to either rid the subject floor of the dangerous, unsafe, and slippery conditions and/or warn Plaintiff of the dangerous, unsafe, and slippery conditions created by the grease on the subject floor of the Premises, but Defendants Filta and/or C.L.L. and/or Fisher and/or Levy, by and through their agents, servants, and/or employees, failed to do so.

17.     That at all times referred to herein Defendants Filta and/or C.L.L. and/or Fisher and/or Levy, by and through their agents, servants, and/or employees, had a duty to maintain the subject floor on the Premises in a safe condition, to rid the subject floor on the Premises of all dangerous, unsafe, and slippery conditions, to warn the Plaintiff of all dangerous, unsafe, and slippery conditions, and to otherwise act in a non-negligent manner.

18.     That Defendants Filta and/or C.L.L. and/or Fisher and/or Levy, by and through their agents, servants, and/or employees, breached their aforementioned duties owed to Plaintiff by failing to maintain the subject floor on the Premises in a safe condition, by failing to rid the subject floor on the Premises of all dangerous, unsafe, and slippery conditions, by failing to warn the Plaintiff of all dangerous, unsafe, and slippery conditions, by creating the dangerous condition of the subject floor on the Premises, and by otherwise acting in a negligent manner.

19.     That as a direct and proximate result of the negligence of Defendants Filta and/or C.L.L. and/or Fisher and/or Levy, by and through their agents, servants, and/or employees, Plaintiff

sustained severe, painful and permanent injuries to her body, as well as severe and protracted shock to her nervous system, all of which have caused and will continue to cause her in the future great pain, suffering, mental anguish, and other non-economic damages.

20.    That as a direct and proximate result of the negligent actions Defendants Filta and/or C.L.L. and/or Fisher and/or Levy, by and through their agents, servants, and/or employees, Plaintiff has been forced to expend and will continue to expend in the future, large sums of money from hospitalization, x-rays, doctors, nurses, medical treatment, and medications for the treatment of the aforementioned injuries to the Plaintiff. Defendants Filta and/or C.L.L. and/or Fisher and/or Levy, by and through their agents, servants, and/or employees, Plaintiff was forced to lose time from her employment and suffered a loss of wages.

21.    That at no time relevant hereto was Plaintiff contributorily negligent nor did she assume the risk.

**WHEREFORE**, Plaintiff, Lisa Center, prays for judgment against Defendants, The Filta Group, Inc., C.L.L. Enterprises, Inc. d/b/a Filta Environmental Kitchen Solutions, James Fisher, and/or and Levy Premium FoodsService Limited Partnership, jointly and severally, in an amount of Seven Hundred Fifty Thousand Dollars ($750,000.00), plus interest and cost of this suit.

Respectfully Submitted,
THE VALENTE LAW GROUP

John P. Valente, III, Esq.
Federal ID # 22233
2200 Defense Highway, Suite 304
Crofton, Maryland 21114
(410) 451-1777
jvalente@jpvlawgroup.com
Counsel for Plaintiff

## **JURY DEMAND**

The Plaintiff demands a trial by jury on the above-captioned matter.

_____
John P. Valente, III, Esq.